IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Cedric Wise, #312547, ) | Civil Action No. 6:07-2743-RBH-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden, Lee Correctional Institution, ) | |
| Respondent. ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

The record reveals that the petitioner is currently confined to Lee Correctional Institution pursuant to orders of commitment from the Clerk of Court from Sumter County. The Sumter County grand jury at the June 2004 term issued a first indictment of the petitioner for strong arm robbery, kidnaping, and grand larceny (04-GS-43-0551). The grand jury also issued a second indictment of the petitioner with seven counts as follows: first degree burglary, strong arm robbery, kidnaping, grand larceny, safecracking, aggravated assault and battery, and assault with intent to kill (04-GS-43-0552).

The petitioner was represented at the trial level by attorney John Clark on indictment -551, and Assistant Public Defender Lauren Stevens on indictment -552. On November 14, 2005, the petitioner pleaded guilty before the Honorable Derham Cole to the strong arm robbery and kidnaping counts in -551, and the kidnaping and grand larceny counts in -552. The State *nol prossed* the remaining charges. On -551, Judge Cole sentenced the petitioner to 15 years for strong arm robbery, and 30 years for kidnaping, provided that the sentence would be suspended upon the service of 21 years and five years probation, as well as the payment of restitution. On -552, Judge Cole sentenced the petitioner to 10 years for grand larceny, and 30 years for kidnaping, provided that the sentence would be suspended upon the service of 21 years and five years probation. The petitioner did not seek a direct appeal from his convictions and sentences.

The petitioner next filed a *pro se* application for post-conviction relief on January 6, 2006 (06-CP-43-0014), in which he asserted the following issues:

(1)     Ineffective Assistance of Counsel.
(2)     Criminal procedure Rule 5.
(3)     Violations to my 4th, 5th, 6th, 8th Amendments.

The State filed a return dated August 31, 2006.

An evidentiary hearing in the petitioner's PCR was held before the Honorable Paula H. Thomas on October 3, 2006. The petitioner was present and represented by appointed counsel Charles Brooks, III. The petitioner called to the stand himself and both of his counsel at the trial level; the State called no witnesses. Judge Thomas orally denied relief at the hearing, and on November 8, 2006, issued an order of dismissal with prejudice in which she rejected the petitioner's claims for relief.

A timely notice of appeal was filed with the South Carolina Supreme Court from Judge Thomas' order of dismissal in the PCR. Assistant Appellate Defender Robert Pachak of the South Carolina Office of Appellate Defense was appointed to represent the petitioner in his PCR appeal. On June 7, 2007, Pachak filed with the state supreme court

2

a "no merit" *Johnson* petition for writ of certiorari and petition to be relieved as counsel, in which he asserted the following issue on behalf of the petitioner:

> Whether petitioner's guilty plea was entered voluntarily and intelligently?

The State filed on June 14, 2007, a letter return to the *Johnson* petition. As of the date of the respondent's return (October 24, 2007), the PCR appeal was still pending before the state supreme court and no final action had been taken.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, United States Code, Section 2244(d), provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## ANALYSIS

An application for habeas corpus may not be granted unless the applicant has either exhausted all of his state court remedies, or "there is an absence of a state corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A) - (B). To exhaust state remedies, a habeas petitioner must present the substance of his claims to the state's highest court. *See, e.g. Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).

In his habeas petition, the petitioner raises, *inter alia*, allegations of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel are appropriately raised in a PCR action. *State v. Kornahrens*, 350 S.E.2d 180, 184 (S.C. 1986). Since his PCR appeal is still pending, the petitioner still has state remedies as to those allegations that have not been exhausted.

4

In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court of the United States concluded that a "mixed" petition (a petition raising both exhausted grounds and unexhausted grounds) should be dismissed with leave for the petitioner to submit either a new petition that contains only grounds as to which state remedies have been exhausted or to complete exhaustion as to all grounds before submitting another federal petition, with a *caveat* to the petitioner that if he or she elects the first option, and later submits another petition if state relief is denied on the unexhausted ground(s), he or she may be confronted by the bar of Rule 9 of the Section 2254 Rules and 28 U.S.C. § 2244, under which successive petitions can be barred. *Id.* at 520-22.

In his own motion for summary judgment, the petitioner contends the state PCR process is ineffective because the state system is allegedly corrupt and Chief Justice Jean Toal is allegedly in the "pocket" of the state because she supposedly committed two hit and run DUIs (pet. m.s.j. 20-21). As argued by the respondent, the petitioner has offered no proof and indeed nothing but conclusory statements with regard to his allegations that the state system is corrupt and its chief judicial officer is compromised. His unsupported allegations are insufficient to show the absence of or an ineffective state corrective process that would entitle him to forego the exhaustion requirement. Moreover, his PCR was filed in January of 2006; he had a hearing in October of 2006, and the appellate defender filed the PCR appellate brief in July 2007. The time passed during the pendency of the petitioner's state collateral attack litigation is not such that would indicate an ineffective process. *See, e.g., Coe v. Thurman*, 922 F.2d 528 (9th Cir. 1990) (meaningless to require prisoner to exhaust state remedies when essence of claim is that delay prevents him from doing so); *Wojtczak v. Fulcomer*, 800 F.2d 353 (3rd Cir. 1986) (state PCR remedy ineffective where 33 months had passed since filing and five separate court-appointed attorneys had been allowed to withdraw at will); *Mathis v. Hood*, 851 F.2d 612 (2nd Cir. 1988) (five and a

5

half year delay in deciding direct appeal and clogged state courts make writ of *coram nobis* ineffective).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment be granted and the petition be dismissed with leave for the petitioner to submit either a new petition that contains only grounds as to which state remedies have been exhausted, or to complete exhaustion as to all grounds before submitting another federal petition. Further, it is recommended that the petitioner's motion for summary judgment be denied.

s/William M. Catoe
United States Magistrate Judge

February 21, 2008

Greenville, South Carolina

6