IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Cedric Wise, #312547, ) | |
| ) | Civil Action No. 6:07-2743-RBH-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| A.J. Padula, Warden of Lee ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

The record reveals that the petitioner is currently confined to Lee Correctional Institution pursuant to orders of commitment from the Clerk of Court of Sumter County. The Sumter County grand jury at the June 2004 term issued a first indictment charging the petitioner with strong arm robbery, kidnaping, and grand larceny (04-GS-43-0551). The grand jury also issued a second indictment charging the petitioner with seven counts as follows: first degree burglary, strong arm robbery, kidnaping, grand larceny, safecracking, aggravated assault and battery, and assault with intent to kill (04-GS-43-0552). The petitioner was represented at the trial level by attorney John Clark on Indictment -551, and

Assistant Public Defender Lauren Stevens on Indictment -552. On November 14, 2005, the petitioner pleaded guilty before the Honorable Derham Cole to the strong arm robbery and kidnaping counts in -551, and the kidnaping and grand larceny counts in -552. The State *nol prossed* the remaining charges. On -551, Judge Cole sentenced the petitioner to 15 years for strong arm robbery and 30 years for kidnaping, provided that the sentence would be suspended upon the service of 21 years and five years probation, as well as the payment of restitution. On -552, Judge Cole sentenced the petitioner to 10 years for grand larceny and 30 years for kidnaping, provided that the sentence would be suspended upon the service of 21 years and five years probation. The petitioner did not seek a direct appeal from his convictions and sentences.

The petitioner next filed a *pro se* application for post-conviction relief ("PCR") on January 6, 2006 (06-CP-43-0014), in which he asserted the following issues:

(1) Ineffective Assistance of Counsel.
(2) Criminal procedure Rule 5.
(3) Violations to my 4th, 5th, 6th, 8th Amendments.

The State filed a return dated August 31, 2006. An evidentiary hearing in the petitioner's PCR was held before the Honorable Paula H. Thomas on October 3, 2006. The petitioner was present and represented by appointed counsel Charles Brooks, III. The petitioner called to the stand himself and both of his counsel at the trial level; the State called no witnesses. Judge Thomas orally denied relief at the hearing, and on November 8, 2006, issued an order of dismissal with prejudice in which she rejected the petitioner's claims for relief.

A timely notice of appeal was filed with the South Carolina Supreme Court from Judge Thomas's order of dismissal in the PCR. Assistant Appellate Defender Robert Pachak of the South Carolina Office of Appellate Defense was appointed to represent the petitioner in his PCR appeal. On June 7, 2007, Pachak filed with the state supreme court

a "no merit" *Johnson* petition for writ of certiorari and petition to be relieved as counsel, in which he asserted the following issue on behalf of the petitioner:

> Whether petitioner's guilty plea was entered voluntarily and intelligently?

On June 14, 2007, the State filed a letter return to the *Johnson* petition.

On August 10, 2007, the petitioner filed a petition for writ of habeas corpus in this court, and service was authorized on August 31, 2007. At that time, the petitioner's PCR action was still pending. The respondent filed a motion for summary judgment on October 24, 2007. By order filed October 25, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition on January 7, 2008. By report filed February 21, 2008, this court recommended that the petition be dismissed because the petitioner had not exhausted his state remedies. However, prior to Judge Harwell's ruling on the report and recommendation, the South Carolina Supreme Court dismissed the PCR appeal. By order of April 7, 2008, Judge Harwell recommitted the case to this court for further action. The respondent was allowed to supplement the motion for summary judgment, which he filed on May 23, 2008. Another *Roseboro* order was issued on June 20, 2008. The petitioner filed his opposition to the supplemental motion on September 17, 2008.

In his amended petition now before this court, the petitioner makes the following allegations (verbatim):

> **Ground One**:
> 6th Amend Violation. John Clark and Lauren B. Stevens was constructive-denial of effective assistances of counsel. John Clark did not file a pre-trial motion from my case 04-GS-43-0551 to be vacated on the ground of defective - - issue of arrest warrants. Mrs. Stephens did not file a pre-trial motion for my second case 04-GS- 43-055. To be vacated on the grounds of fruit of the poisonous tree. Due to a 14th Amend " Freedom of liberty violation.

> **Ground Two:**
> In my 1st case 04-GS-43-0551. 4th Amend+ 14th Amend violation. That state was allow to allege. Their probable cause for the warrantless search + seizure at my residents was "after a cross-check with Dominoes, a cell phone number was given as the number for delivery. A home phone number was requested and a check revealed the number 436-7815 came back to 44 Iris Winds. My only home phone number is 418-0189.
>
> **Ground Three:**
> 14th Amend violation "deprived of my freedom of liberty without probable cause. Fruit of the poisonous tree doctrine. Since the state was allow to arrest + detain me. In the Sumter jail without probable cause. The state was allow to seize a photographic line up in the process of violaten [sic] my 14th Amend freedom of liberty. Then show the photo-line up to the victim. Who's identification of me is how the state was allow to create probable cause. To issue the second case 04-GS-43-0552.

## **UNDERLYING CRIMINAL CASE**

This case involves convictions for two separate incidents. In the first incident (04-GS-43-0551), on October 27, 2003, a pizza restaurant received a request for delivery from a cell phone. They did not send the pizza out since only a cell phone had been provided, and a subsequent call was received asking why the pizza had not been delivered. This time, a home number was provided, and the pizza was sent out. The pizza man was assaulted when he arrived, stripped of his money, and thrown in the trunk of his own car and driven off. While the car was in motion, the pizza man managed to open the trunk with the emergency release and roll out. The petitioner stopped and attacked the pizza man again before fleeing in the pizza man's car. Police traced the phone numbers used to order the pizza to the petitioner and knocked on the door of his residence in the mobile home park. The petitioner opened it and identified himself, and police saw in plain view on the couch the pizza box from the robbery. The receipt identifying it as the specific pizza brought by the victim was attached, and the petitioner's two codefendants were also found

in the mobile home. One of them had in his back pocket the cell phone used to call the pizza place (App. 21-24).

In the second case (04-GS-43-0552), on October 20, 2003, the petitioner and his codefendants invaded a home occupied by a woman who had just gotten out of the shower. The petitioner made threatening and sexually suggestive comments and gestures to the woman, who they finally gave some pants but no top for her to wear. Ultimately, after keeping the victim restrained for an hour or more, the culprits stole a number of items and fled in the victim's car (App. 25-33).

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

5

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is de novo. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA de novo standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

## **ANALYSIS**

### *Ground One*

The petitioner first contends his attorney in the first case (04-GS-43-0551), the "pizza delivery case," was ineffective for failing to challenge the arrest warrants. Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually

6

prejudiced him, *i.e.* "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Finally, the Court in *Strickland* held that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697. Review of counsel's performance is "highly deferential." *Id.* at 689. With respect to guilty plea counsel, a petitioner must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

As argued by the respondent, the petitioner does not specify just what counsel should have raised as to the arrest warrants, nor does he demonstrate why that issue would have been meritorious. The petitioner does assert at various times in his *pro se* documents accompanying this habeas petition that the police lacked probable cause to arrest him because he contends the phone number from which the police stated the call to the pizza place came, 803-436-7815, was not his phone number. Assuming this is the underlying substantive issue supporting the claim of ineffectiveness he is making here, it is insufficient for relief.

The petitioner supports his contention (1) by pointing out that the solicitor in giving the factual basis at the plea referred to the call to Domino's as "32 Iris Winds Mobile Home Park" (App. 23), when in fact the petitioner lived at 44 Iris Winds Mobile Home Park, (2) by attaching a phone bill from January 2007 in the name of Elizabeth Wise for the number 803-418-0189, which he asserts was his phone number, (3) by attaching the incident report dated October 28, 2003, in which it is stated that after the pizza place requested a home phone number before sending out the pizza delivery person the caller gave the number 436-7815, which was associated with 44 Iris Winds, and (4) part of a

7

newspaper account about the crime in which it is stated that the call to the pizza place was traced back to a cell phone, but officers were able to find an address associated with that cell phone account which led them to the petitioner.

At the PCR hearing, counsel testified that he considered any issues regarding the search, but the testimony from officers was going to be that the petitioner let them in the house. Moreover, counsel believed that even if the search was excluded, the officers still would be able to testify as to seeing the pizza box in plain view when they opened the door, which would be in and of itself very damaging given the statements from codefendants and other evidence (App. 95). Counsel was then asked about how he explored the manner in which the police came to his residence and was asked about police reports that mention tracking down the residence by use of a phone number. Counsel replied that his investigation showed the pizza place tried to call back the number given because the order was over $50, but the cell phone was inoperable. When someone called to inquire why the pizza had not been delivered, the pizza place was given the number for 44 Iris Winds (App. 97-98). Counsel noted that he did not think the officers needed probable cause to simply knock on the door and ask whoever answered if they knew anything about the crime, and stated he had no recollection nor did he have any notes in the file in which the petitioner claimed the officers kicked in the door (App. 99-101).

The PCR judge orally found that there had been no evidence presented that there was an issue as to probable cause that could have been raised, and noted that the petitioner's guilty plea was knowingly and voluntarily entered which would waive all non-jurisdictional defenses (App. 120). In the order, the PCR judge generally found the petitioner's testimony not to be credible and counsel's testimony credible and rejected any allegation of ineffective assistance. In the portion of the order discussing the voluntariness of the guilty plea, the PCR judge noted the petitioner's claim he would not have pleaded guilty had he known of an issue as to probable cause, but found credible counsel's

8

testimony that he explained to the petitioner there was no such issue under the officer's version of events. The judge also found no prejudice (App. 126-31).

Assuming for purposes of this motion that this issue is not procedurally barred, it fails because the petitioner produced no evidence at PCR establishing that there was no link between his address and either of the numbers provided to the pizza store prior to the robbery. While he has attached to his present filing a bill from 2007 (the crime was committed in 2003) to one Elizabeth Wise with a post office box address and reflecting a number of 418-0819, that bill was not presented at PCR; and, in any event, it does not establish that 803-436-7815 was not in any way connected to an address of either the petitioner or his codefendants. Indeed, it alone does not establish even that 418-0819 was or is in any way connected with 44 Iris Winds. The petitioner has not shown that the link between the phone numbers and his address cannot be made.

Further, as argued by the respondent, even if the officers were mistaken or even lied as to the petitioner's phone number being the reason why they approached his mobile home, that does nothing to challenge the other facts of the case that the petitioner opened the door, identified himself, and invited the officers in by consent, where the police saw the pizza box with the receipt in plain view on the couch. Obviously, both consent and plain view are exceptions to the search warrant requirement and, as counsel pointed out, the police do nothing wrong if they merely knock on someone's door to ask if the occupants know anything about the violent attack that happened just outside not too long before. Once police entered and found the pizza box stolen in the robbery, they certainly had probable cause to make the arrest of those inside, given that the pizza delivery person was attacked by multiple individuals before he made the delivery. If the petitioner is contending with this allegation that his counsel failed to pursue suppression on the basis that the police allegedly kicked in his door, counsel testified he had no recollection or notes that the

petitioner ever claimed that, and the PCR court found counsel to be credible and the petitioner not to be credible (App. 99-101; 126-31).

The petitioner has not established that there was any valid basis for excluding evidence of which he was not advised by counsel, and thus he cannot show deficient performance by his plea counsel or prejudice. As the petitioner cannot show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial, this allegation fails.

The petitioner next contends that his lawyer in the second case (04-GS-43-0552), "the home invasion case," was ineffective for failing to file a pretrial motion to "vacate" his indictments for "fruit of the poisonous tree." In his accompanying memorandum, the petitioner contends that his counsel was ineffective for failing to file a pre-trial motion to challenge the photographic lineup in which the victim identified the petitioner as one of the assailants.

In his *pro se* PCR application, the petitioner complained about the lineup being suggestive (App. 58-59). At PCR, the petitioner asserted he asked his lawyer to attack the photographic lineup and challenge the victim's testimony so he could "beat" the case; however, he admitted he pleaded guilty after his lawyer told him he would lose if he went to trial (App. 81). Counsel testified that she was present when the petitioner gave a statement to police in which he admitted his involvement with the crime and implicated his codefendants, after the petitioner called her and stated he wanted to confess and cooperate with police. In return, the authorities did not pursue two additional warrants against the petitioner (App. 106-08). Counsel noted that the petitioner always told her he wanted to plead guilty, and she advised him as well that it was not in his best interest to go to trial (App. 109-11). Counsel was not specifically asked about the photographic lineup.

Assuming for purposes of this motion that this issue is not procedurally barred, it fails on the merits. The petitioner offered nothing on the issue other than his testimony

that he wanted his counsel to attack the lineup. The lineup itself was not presented, nor was there any evidence or testimony presented actually establishing a viable claim as to the lineup. Since the petitioner did not show viability of a defense based on attacking the lineup, he has shown neither deficient performance nor prejudice. *See Savino v. Murray*, 82 F.3d 593, 599 (4th Cir. 1996) ("if there exists no reasonable probability that a possible defense would have succeeded at trial, the alleged error in failing to disclose or pursue it cannot be prejudicial"). Further, as counsel testified, the petitioner always stated he wanted to plead guilty and even went to the police and in the presence of counsel gave a statement inculpating himself and his codefendants (App. 106-11). As the petitioner cannot show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial, this allegation fails.

### *Ground Two*

The petitioner contends that his Fourth and Fourteenth Amendment rights were violated by the warrantless search in the pizza delivery case, which he alleges was without probable cause. As argued by the respondent, a Fourth Amendment claim is not cognizable in federal habeas corpus where the prisoner had a full and fair opportunity to litigate the claim in state court. *See Stone v. Powell*, 428 U.S. 465, 481-82 (1976). As an ineffective assistance of counsel claim, which of course is cognizable in habeas corpus, the claim fails for the reasons set forth with regard to ground one.

Also, in various points of his *pro se* memorandum attached to the habeas petition, the petitioner makes assertions as to a preliminary hearing, contending that his charges should have been dismissed there because the State failed to show probable cause. As a freestanding claim, this issue is procedurally barred as it was waived by the guilty plea, and no direct appeal was filed even if it had been preserved. *Drayton v. Evatt*, 430 S.E.2d 517 (S.C. 1993) (issues that could have been raised at trial or on direct appeal

cannot be raised in PCR absent a claim of ineffective assistance of counsel). If a petitioner before a federal district court fails to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts. In such a case, a federal district court is barred from considering the habeas claim absent a showing of cause and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice, as the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). The petitioner has failed to show his actual innocence. To excuse the default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," *Murray v. Carrier*, 477 U.S. 478, 488 (1986), such as "the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding." *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999). The petitioner has made no such showing. Accordingly, this claim is procedurally barred. Further, any ineffective assistance of counsel claim in this regard fails for the reasons set forth in ground one.

### *Ground Three*

In this ground, the petitioner contends that his Fourteenth Amendment rights were violated by his detention allegedly without probable cause. He then makes a Fourth Amendment-sounding assertion of "fruit of the poisonous tree doctrine" with regard to the photographic lineup in the home invasion case. The allegation regarding the petitioner's detention without probable cause was not raised, and indeed was waived, by his guilty plea. Further, there was no direct appeal even if it had been preserved. Even if it could have been raised in PCR, it was not raised, and the PCR court did not rule on any such freestanding issue. Accordingly, the claim is procedurally barred. As for the Fourth

Amendment aspect of this ground, like ground two, this issue is not cognizable where the prisoner had a full and fair opportunity to litigate the claims in state court. *See Stone*, 428 U.S. at 481-82. If this ground is raised in the context of an ineffective assistance of counsel claim, it fails for the reasons set forth with regard to ground one.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the respondent's supplemental motion for summary judgment (doc. 39) be granted and the habeas petition be dismissed.

                                        s/William M. Catoe
                                        United States Magistrate Judge

January 15, 2009

Greenville, South Carolina